

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| PATRICK KELLEY,<br>　　　　Plaintiff,<br><br>vs.<br><br>SOUTH CAROLINA MILITARY DEPARTMENT, SOUTH CAROLINA ARMY NATIONAL GUARD, MAJOR GENERAL R. VAN MCCARTY, *in his official capacity as the Adjutant General of the South Carolina Army National Guard*, AND ROBERT E. LIVINGSTON, *in his official capacity as the former Adjutant General of the South Carolina Army National Guard*,<br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 3:22-2214-MGL |

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND
AND GRANTING DEFENDANTS' MOTION TO DISMISS**

### I.     INTRODUCTION

Plaintiff Patrick Kelley (Kelley) filed this breach of contract, unjust enrichment, and wrongful termination lawsuit against South Carolina Army National Guard (SCARNG), Major General R. Van McCarty, in his official capacity as The Adjutant General of the South Carolina Army National Guard (McCarty), and Robert E. Livingston, in his official capacity as the former Adjutant General of the South Carolina Army National Guard (Livingston) (collectively, Defendants), in the Richland County Court of Common Pleas.

Kelley also named South Carolina Military Department (SCMD) as a defendant, but SCMD joined neither Defendants' response in opposition to the motion to remand nor their motion to dismiss.  Defendants subsequently removed the case to this Court, and SCMD consented to the removal.

Pending before the Court is Kelley's motion to remand this case to the South Carolina Court of Common Pleas for Richland County and Defendants' motion to dismiss the complaint for lack of subject matter jurisdiction under Federal Rules of Civil Procedure 12(b)(1).  Having carefully considered the motions, the responses, the replies, the sur-reply, the record, and the applicable law, the Court will deny Kelley's motion to remand and grant Defendants' motion to dismiss.

## II.     FACTUAL AND PROCEDURAL HISTORY

Kelley entered into a written employment agreement with SCMD and SCARNG in 2008, in which he was employed as a full-time member of the Active Guard and Reserve (AGR) Program.  On or about June 28, 2018, members of Kelley's supervisory chain notified him that they had initiated the process to involuntarily remove him from the AGR Program.  Then, on or about December 6, 2018, Livingston approved Kelley's involuntary removal.

On February 16, 2019, "Livingston relinquished his role as Adjutant General for the State of South Carolina" and McCarty immediately replaced him.  Complaint ¶ 3.  Kelley was terminated on or about February 17, 2019.

Kelley alleges the "break in [full-time] employment [because of his involuntary termination] resulted in irreparable harm to [his] property right to his military retirement." *Id.* ¶ 17.  Kelley seeks actual and consequential damages.

As the Court noted above, Kelley filed this lawsuit in the Richland County Court of Common Pleas, after which Defendants removed it to this Court.  Defendants subsequently filed a motion to dismiss, to which Kelley filed a response, and Defendants filed a reply.

Thereafter, Kelley filed a motion to remand, to which Defendants filed a response, Kelley filed a reply, and Defendants filed a sur-reply.

The Court, having been fully briefed on the relevant issues, will now adjudicate the two motions.

### III.     MOTION TO REMAND

#### A.     *Standard of Review*

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

"The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).  The Court is "obliged to construe removal jurisdiction strictly because of the 'significant federalism concerns'

implicated." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (quoting *Mulcahey*, 29 F.3d at 151).

"Therefore, '[i]f federal jurisdiction is doubtful, a remand [to state court] is necessary.'" *Id.* (quoting *Mulcahey*, 29 F.3d at 151). Moreover, any ambiguity is to be construed against the removing party. *Her Majesty The Queen In Right of the Province of Ont. v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989).

When considering a motion to remand, the Court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1163-64 (5th Cir. 1988). For a court to have federal question jurisdiction over a case, "a right or immunity created by the Constitution or laws of the United States must be an . . . essential element of the plaintiff's cause of action." *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936)).

The "well-pleaded complaint rule" requires the exercise of federal jurisdiction based upon 28 U.S.C. § 1331 when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 450 (4th Cir. 2004) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004)). The plaintiff is the master of the complaint and may avoid federal jurisdiction by exclusively relying upon state law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

"Suits against federal officers are exceptional in this regard. Under the federal officer removal statute, suits against federal officers may be removed despite the nonfederal cast of the complaint; the federal-question element is met if the defense depends on federal law." *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 431 (1999).

The federal officer removal statute permits a defendant to remove to federal court a state-court action brought against the "any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office." 28 U.S.C. § 1442(a)(1).

As is relevant in this case, a defendant seeking to remove a case under Section 1442 must establish "(1) the defendant is a federal officer . . . ; (2) a colorable federal defense; and (3) the suit is for an act under color of office, which requires a causal nexus between the [plaintiff's claims] and asserted official authority." *Northrop Grumman Technical Services, Inc. v. DynCorp International LLC*, 865 F.3d 181, 186 (4th Cir. 2017) (citation omitted) (internal quotation marks omitted) (alteration marks omitted).

The Supreme Court of the United States has made it clear that "[i]n construing the colorable federal defense requirement, [it has] rejected a 'narrow, grudging interpretation' of the statute, recognizing that 'one of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court.'" *Id.* (quoting *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)). It has also "held that the right of removal is absolute for conduct performed under the color of federal office." *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981).

### B.     *Discussion and Analysis*

Kelley maintains removal was improper because his claims arise under state common law alone. He points to his orders for duty printed on SCMD letterhead by "consent of the Governor of South Carolina" to support his argument.

Defendants, however, maintain that removal is proper under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). Under that statute, Defendants must first show they are "federal

officer[s]." *Northrop Grumman Technical Services, Inc.*, 865 F.3d at 186.  As the Court discusses more fully below, McCarty and Livingston were acting as federal officers during the events giving rise to Kelley's involuntary termination from his federal employee position.  Thus, the first factor for federal officer removal is satisfied.

Second, Defendants must demonstrate they have "a colorable federal defense[,]"  *Id*. Defendants have raised several federal defenses.  For example, a federal statute, the Military Pay Act, applies to Kelley's claims seeking to recover military back pay and retirement benefits.  The Military Pay Act provides that certain persons "are entitled to the basic pay of the pay grade to which assigned or distributed, in accordance with their years of service[.]"  37 U.S.C. § 204(a).

Third, Defendants are required to establish that there is a "causal nexus between the [plaintiff's claims] and asserted official authority."  *Northrop Grumman*, 865 F.3d at 186.  Here, there is a causal nexus between Kelley's claims for military back pay and retirement benefits for the break in full-time employment and Defendants' decision to involuntarily terminate him from his position as a federal employee.

Therefore, the Court concludes Defendants correctly argue their removal under the federal officer removal statute was proper.  As such, the Court will deny Kelley's motion to remand.

Given that this holding is dispositive of the removal issue, the Court need not address the parties' remaining arguments.  See *Karsten v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest *dicta*.").

### IV.    MOTION TO DISMISS FOR LACK OF JURISDICTION

#### A.    *Standard of Review*

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." K*okkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). More specifically, unless a matter involves an area of a federal court's exclusive jurisdiction, a plaintiff may bring suit in federal court only if the matter involves a federal question arising "under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331, or if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states," 28 U.S.C. § 1332(a)(1).

"It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377. Thus, in this action, Kelley bears the burden of proving subject matter jurisdiction to survive the motion to dismiss exists. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999) (holding that the plaintiff has the burden of proving subject matter jurisdiction exists when a defendant challenges subject matter jurisdiction).

A motion to dismiss under Rule 12(b)(1) raises the fundamental question of whether a court is competent to hear and adjudicate claims. In reviewing a motion to dismiss under Rule 12(b)(1), the Court is to "regard the pleadings' allegations as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The Supreme Court has concluded "by giving the Court of [Federal] Claims jurisdiction over specified types of claims against the United States, the Tucker Act constitutes a waiver of sovereign immunity with respect to those claims." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Defendants insist the Tucker Act applies to Kelley's claims.

For the Tucker Act to apply, "[i]t is not necessary that the United States be denominated as a party." *Portsmouth Redevelopment & Hous. Auth. v. Pierce*, 706 F.2d 471, 473 (4th Cir. 1983). Rather, "[a]n action against a federal agency or official will be treated as an action against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the [g]overnment from acting or compel it to act.'" *Id.* (quoting *Dugan v. Rank*, 372 U.S. 609, 620 (1963)).

For purposes of this lawsuit, if the Tucker Act is pertinent, the federal government's waiver of sovereign immunity controls and Kelley's claims may be heard only by the Court of Federal Claims, if at all. Thus, if the Tucker Act is applicable, the Court will either grant Defendants' motion to dismiss, because it lacks subject matter jurisdiction, or transfer the case to the United States Court of Federal Claims. *See* 28 U.S.C. § 1631 (instructing that, when a court finds it lacks jurisdiction, the court must transfer the action to any other court in which the action could have been brought at the time it was filed if the court finds it is in the interests of justice to do so).

**B.     Discussion and Analysis**

"The Tucker Act . . . consists of two parts: 28 U.S.C. § 1491, and 28 U.S.C. § 1346(a)(2), which is commonly known as the 'Little Tucker Act.'" *Randall v. United States*, 95 F.3d 339, 346 (4th Cir. 1996).  Because, as detailed later, this action involves claims in excess of $10,000, the Little Tucker Act is inapplicable. Consequently, all references to the Tucker Act will be to the Tucker Act described in § 1491, which deals with claims against the United States for more than $10,000.

"The Tucker Act establishes three conditions which, if satisfied, vest subject matter jurisdiction exclusively in the [Court of Federal Claims].  The action must be against the United States, seek monetary relief in excess of $10,000, and be founded upon the Constitution, federal statute, executive regulation, or government contract."  *Portsmouth*, 706 F.2d at 473.

With this background in mind, the Court first turns to the parties' specific contentions as to whether the Tucker Act applies here, such that the Court is divested of jurisdiction over Kelley's claims.

   **1.     Whether the Tucker Act applies**

      ***a.     Whether Kelley's claims constitute an action against the United States***

The Court must first determine whether Kelley's claims constitute an action against the United States.

Defendants contend Kelley was serving as a federally-employed soldier on full-time National Guard duty, specifically serving in AGR duty status.  Further, Defendants claim Kelley sued them in their official federal capacities related to oversight of him, a federal employee, and that the "sole mechanism for [Kelley]'s monetary claims would be an action against the United

States." Defendants' Motion to Dismiss, at 3. Kelley, however, maintains his causes of action are state claims against the state of South Carolina rather than federal officers or entities.

"[A] suit against a federal official for acts performed within his official capacity . . . amounts to an action against the sovereign." *Portsmouth*, 706 F.2d at 473. "Employee of the government" is defined by statute, and specifically includes "officers or employees of any federal agency . . . [and] members of the National Guard while engaged in training or duty under section . . . 502 . . . of title 32." 28 U.S.C. § 2671.

Before Kelley's involuntary termination, and at all relevant times, he was employed in full-time National Guard duty under the authority of 32 U.S.C. § 502(f), as indicated in each of his orders to duty. *See* Notice of Removal, Exhibits 3-5, Orders to Full-Time National Guard Duty (citing 32 U.S.C. § 502(f) as the authority for each of Kelley's orders to duty).

Therefore, Defendants correctly argue that Kelley was a federal employee for the purposes of this suit inasmuch as he was a full-time National Guard member serving under orders issued by federal law, specifically under 32 U.S.C. § 502(f).

Next, Defendants aptly state that Kelley's claims are against McCarty and Livingston in their official federal capacities related to the oversight of Kelley as a federal employee. Although the Fourth Circuit has failed to specifically address the federal versus state nature of a state National Guard, the Court agrees with the interpretations of other courts that have described it as a hybrid organization that is both a federal and state program. *See eg., New Jersey Air Nat'l Guard v. Fed. Labor Relations Auth.*, 677 F.2d 276, 278-79 (3rd Cir. 1982) (stating "[w]ithin each state the National Guard is a state agency, under state authority and control . . . [but] [a]t the same time, the activity, makeup, and function of the Guard is provided for, to a large extent, by federal law").

Thus, although McCarty and Livingston are state officers, they also simultaneously acted as federal actors, depending on their conduct due to the hybrid nature of National Guards. *See Lipscomb v. F.L.R.A.*, 333 F.3d 611, 614 (5th Cir. 2003) (explaining that the "federal-state nature of the national guard system has remained essentially unchanged, as the Supreme Court has observed"). Because the conduct underlying this suit involves McCarty's and Livingston's actions during their oversight and removal of Kelley as a federal employee, McCarty and Livingston were acting as federal officers for the purpose of this litigation.

Additionally, "[s]everal courts have noted that when the 'prime objective' or 'essential purpose' of the complaining party is to obtain money from the federal government . . . the Claims Court's exclusive jurisdiction is triggered." *State of N.M v. Regan*, 745 F.2d 1318, 1322 (10th Cir. 1984). In *Regan*, the Tenth Circuit concluded that because the claim's "primary purpose [wa]s to fix the government's . . . liability . . . that the suit [wa]s essentially one designed to reach money which the government owns," and thus, deemed the claim to be against the United States under the Tucker Act. *Id.*

The United States Court of Federal Claims has also acknowledged this, stating that "it is by now firmly established that, where the prime effort of the complaining party is to obtain money from the Federal Government, this court's exclusive jurisdiction over non-tortious claims . . . cannot be evaded or avoided." *Hoopa Valley Tribe v. United States*, 596 F.2d 435, 436 (Ct. Cl. 1979).

The primary purpose of Kelley's claims is to recover military back pay and retirement benefits for the break in full-time employment resulting from his involuntary termination. Specifically, Kelley's suit seeks to obtain money from the United States in an amount prescribed

by the Military Pay Act, 37 U.S.C. §204.  Thus, the sole mechanism for Kelley's monetary claims constitutes an action against the United States, even though he failed to name the United States as a party in this action.   As such, "because this is a suit against a federal official and any judgment recovered would expend itself on the public treasury," *Portsmouth*, 706 F.2d at 474,.the Court will construe Kelley's action as one against the United States for purposes of the Tucker Act.

> **b.     *Whether Kelley's complaint seeks monetary relief in excess of ten thousand dollars***

For Tucker Act jurisdiction to apply to Kelley's claims, his complaint must seek monetary relief in excess of ten thousand dollars.  *Portsmouth*, 706 F.2d at 474.  Kelley failed to make any argument on this matter.  But, as Defendants argue, the record shows that his monetary claims to recover military pay and retirement benefits for more than three years currently exceeds ten thousand dollars.  *See* Notice of Removal, Exhibit 2, Military Pay Table (showing that just one year of back pay for the lowest-salaried enlisted soldier would be more than ten thousand dollars).

The Fourth Circuit has recognized that "[a] plaintiff can waive damages in excess of $10,000 to remain in district court."  *Randall*, 95 F.3d at 347 n.8.  But, because Kelley has neglected to provide a "reasonably unambiguous statement" of any intention to make such a waiver, he has thus failed to affect a waiver.  *Id.*  Additionally, because the plaintiff has the burden to prove this Court has jurisdiction to survive a motion to dismiss for lack of subject matter jurisdiction, *Evans*, 66 F.3d at 647, Kelley here must have pled claims for relief less than ten thousand dollars to establish this Court has jurisdiction rather than the Court of Federal Claims having exclusive jurisdiction under the Tucker Act.

Accordingly,  this Court concludes that Kelley's complaint seeks monetary relief in excess of ten thousand dollars under the Tucker Act.

### c.  *Whether Kelley's claims are founded upon the Constitution, federal statute, executive regulation, or government contract*

"The third and final requirement for Tucker Act jurisdiction is that the claim be founded upon the Constitution, federal statute, executive regulation, or government contract." *Portsmouth*, 706 F.2d at 474.  Defendants maintain this action arises solely out of federal law and that this Court lacks jurisdiction under 28 U.S.C. § 1491.  Kelley contends each of his three claims arise under state common law, and thus urges the Tucker Act is inapplicable.

As the Court noted above, the Military Pay Act, 37 U.S.C. § 204, governs Kelley's claims for military back pay and retirement benefits.  Therefore, Kelley's claims are founded on federal statute.

Consequently, because Kelley's complaint constitute claims against the United States, he seeks monetary relief in excess of ten thousand dollars, and his claims arise under federal statute, the Tucker Act applies.  28 U.S.C. § 1491.  The Court of Federal Claims thus possesses exclusive subject matter jurisdiction over Kelley's claims under the Tucker Act.  *See Portsmouth*, 706 F.2d at 473 (explaining that if the Tucker Act's three conditions are satisfied, subject matter jurisdiction rests exclusively in the Court of Federal Claims).

### 2.  *Whether Kelley's action should be transferred to the United States Court of Federal Claims*

As the Court has already mentioned, "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631.  Thus, to transfer a case, the Court must determine that (1) it lacks subject matter jurisdiction; (2) at the time the case was filed, the case could have been

13

brought in the transferee court; and (3) transfer is in the interest of justice. *Id.*; *United States v. John C. Grimberg Co.*, 702 F.2d 1362, 1364 n.5, 1374 (Fed. Cir. 1983) (en banc).

The Court has already determined the that it lacks subject matter jurisdiction over Kelley's claims. Thus, the first factor is satisfied. Concerning the second requirement, whether this case could have been brought in the Court of Federal Claims: Defendants argue that, although that court is the only one empowered to exercise subject matter jurisdiction over Kelley's claims, it nonetheless lacks jurisdiction over the claims as currently pled in his complaint. Kelley failed to assert an argument regarding this issue.

Regarding Kelley's breach of contract claim, the Court of Federal Claims has explained "there is no contract-based jurisdiction in the United States Court of Federal Claims for military pay or veterans benefits claims." *Kelly-Leppert v. United States*, No. 21-955C, 2021 WL 2853171, at *4 (Fed. Cl. July 8, 2021). Or, as the Supreme Court has put it, "common-law rules governing private contracts have no place in the area of military pay." *Bell v. United States*, 366 U.S. 393, 401 (1961).

Concerning Kelley's unjust enrichment claim, the Court of Federal Claims has long held that "[t]he Tucker Act does not grant [it] jurisdiction to adjudicate equitable claims of unjust enrichment." *BioFunction, LLC v. United States*, 92 Fed. Cl. 167, 174 (Fed. Cl. 2010).

And, as to Kelley's wrongful termination tort cause of action, the Federal Court of Claims has expressly stated that "[t]ort claims . . . are expressly beyond our Tucker Act jurisdiction." *Aetna Cas. and Sur. Co. v. United States*, 655 F.2d 1047, 1059 (Ct. Cl. 1981).

Thus, at the time Kelley's case was filed, it could not have been brought in the transferee court because, as presently presented, his three claims are outside the jurisdiction of that court, too.

As to the third consideration, whether transfer is in the interest of justice, it is clearly not. This Court lacks jurisdiction over Kelley's claims. But, the transferee court, the Court of Federal Claims, does too. Thus, to transfer the case would be futile.

### 3.     *Whether Kelley's claims remain pending against SCMD*

Kelley states in his reply to response in opposition to remand that "even if this Court grants the three defendants' motion to dismiss, this action will remain pending against the South Carolina Military Department[,]" and "[e]ven if this Court agrees with . . . [D]efendants and grants the motion to dismiss, this action will still be pending against the South Carolina Military Department, which has not opposed the motion to remand." Kelley's Reply at 1, 4. Defendants disagree.

Defendants are correct. As the Court explained above, it lacks jurisdiction over Kelley's claims. Period. It will therefore dismiss this case against all named defendants.

### V.     CONCLUSION

In light of the foregoing discussion and analysis, Kelley's motion to remand is **DENIED** and Defendants' motion to dismiss for lack of subject matter jurisdiction is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 16th day of November, 2022, in Columbia, South Carolina.

        /s/ Mary Geiger Lewis
        MARY GEIGER LEWIS
        UNITED STATES DISTRICT JUDGE